# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SHIGEO NAKAGOSHI,**

                        **Plaintiff,**

**-vs-**                                   **Case No.  6:06-cv-338-Orl-28KRS**

**MITSUKOSHI USA, INC.,**

                        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION FOR AN AWARD OF ATTORNEY'S FEES FROM PLAINTIFF AND PLAINTIFF'S ATTORNEY (Doc. No. 26)** |
| **FILED:** | **October 26, 2006** |

## I.   PROCEDURAL HISTORY.

       On June 30, 2005, Plaintiff Shigeo Nakagoshi filed a complaint in Florida state court against Defendant Mitsukoshi USA, Inc. (Mitsukoshi) alleging age discrimination in violation of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.11(4)(a) (FCRA).  Mitsukoshi removed the case to this Court, and it was assigned Case No. 6:05-cv-1175-Orl-28DAB.  The action was remanded back to state court after it was determined that Mitsukoshi failed to meet its burden of

proof that Nakagoshi's complaint sought damages exceeding $75,000.00, which was necessary to support exercise of diversity jurisdiction by this Court.  *Id.*, doc. no. 23.

On March 16, 2006, Mitsukoshi again removed the case to this Court, and it was assigned the present case number.  Doc. No.  1.  Mitsukoshi supported the removal with evidence obtained during discovery that the amount in controversy was greater than $75,000.00, and that the parties were citizens of different states.  *Id.*

Mitsukoshi moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Doc. No. 23.   It argued, among other reasons, that the action was time barred because Nakagoshi did not file a charge of discrimination with the Florida Commission on Human Relations (FCHR) within 365 days from the alleged date of discrimination, doc. no. 23 at 7.   In support of the motion, Mitsukoshi filed documents showing that Nakagoshi ended his employment at Mitsukoshi on July 30, 2002.  Doc. No. 23-2.  It also relied upon a Technical Assistance Questionnaire that Nakagoshi submitted to the FCHR on May 10, 2004, in which Nakagoshi stated that the most recent date of the alleged discrimination was July 31, 2002.  Doc. No. 23-3.  Further, Mitsukoshi submitted a letter dated June 16, 2004, from the FCHR to Nakagoshi's attorney reflecting that the complaint to the FCHR was dismissed "for Lack of Jurisdiction due to untimeliness."  Doc. No. 23-6.  The June 16, 2004, letter advised counsel that the denial of the claim as untimely could be appealed to the appropriate District Court of Appeal within thirty days from the rendition of the letter.  *Id.* There is no evidence in the record that Nakagoshi filed an appeal of the FCHR's dismissal of the case with a Florida District Court of Appeal.

In his response to the motion, Nakagoshi did not address his failure to file his claim with the FCHR within 365 days from the most recent act of discrimination.  Doc. No. 24.  However, in

the response, Nakagoshi wrote as follows: "[A]lthough Mitsukoshi may have successfully hid its discrimination from Mr. Nakagoshi long enough to delay his complaint to FCHR, there was no determination of cause based on the complaint."  Doc. No. 24 at 4.  He supported the response with his affidavit, in which he averred that he had learned facts after he was terminated that led him to believe that the stated reason for his termination was untrue, and that he was terminated due to his age.  Nakagoshi Aff., Doc. No. 24 ¶¶ 12-17.  He also submitted the Affidavit of Bonnie Cone, who worked with Nakagoshi at Mitsukoshi, in which Cone averred that she overheard a conversation in April 2004 in which Mitsukoshi managers stated that Nakagoshi was no longer with the company because he "couldn't keep up and . . . he was near retirement age anyway." Cone Aff., Doc. No. 24 ¶ 7.  Inexplicably, Nakagoshi did not argue in his response to the motion to dismiss that the time to file his charge of discrimination with the FCHR should have been equitably tolled.

The Honorable John Antoon II, the presiding district judge, granted the motion to dismiss.  Doc. No. 25.  Judge Antoon found that "[b]ecause [Nakagoshi] did not timely file an administrative change within 365 days as required by the statute, his claim is barred."  Doc. No. 25.  Nakagoshi did not appeal the ruling.

Thereafter, Mitsukoshi filed the present motion seeking a determination that it was entitled to attorneys' fees against Nakagoshi under the FCRA, and against Nakagoshi's attorney under 28 U.S.C. § 1927.  Doc. No. 26.  In support of its motion, Mitsukoshi filed Plaintiff's Reply to Defendant's Request for Admissions.  Doc. No. 26-2.  In these responses, Nakagoshi admitted, among other things, that he did not file a charge of discrimination with the FCHR within 365 days after his separation of employment with Mitsukoshi.  *Id.* at 4.

-3-

Nakagoshi filed a response to Mitsukoshi's motion for attorneys' fees, doc. no. 30-2.   In support of his response, he filed Mitsukoshi's motion to dismiss in the case of *Hopper v. Mitsukoshi USA, Inc.*, No. 6:05-cv-1176-Orl-22DAB, doc. no. 30-2.   In the response, Nakagoshi, through his counsel, argues for the first time that he pursued the case "in the belief that he would have the opportunity to prove that Defendant's pretextual reasons for his termination hid the truth of [its] discrimination long enough to prevent him from filing with the EEOC/FCHR within 365 days; and continued his suit in the belief that he would have the opportunity to present the evidence of the tolling of that statute of limitations."  Doc. No. 30-2 at 2.

## II.   ANALYSIS.

### A.   Attorneys' Fees Under the FCRA.

A court may award reasonable attorneys' fees under the FCRA to a prevailing party. *Vaughan v. Morgan Stanley DW Inc.*, No. 603CV1511ORL18DAB, 2005 WL 1243403, at *1 (M.D. Fla. May 24, 2005).  The FCRA provides that:

> In any action or proceeding under this subsection, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs.  It is the intent of the Legislature that this provision for attorney's fees be interpreted in a manner consistent with federal case law involving a Title VII action.

Fla. Stat.§ 760.11(5).

The standard for an award of attorneys' fees under Title VII differs depending upon whether the prevailing party is a plaintiff or a defendant.  *Jerelds v. City of Orlando*, 194 F. Supp. 2d 1305, 1310 (M.D. Fla. 2002).  A prevailing defendant in a civil rights case may only be awarded attorneys' fees if the plaintiff's claim "was frivolous, unreasonable, or groundless," or if "the plaintiff continued to litigate after it clearly became so."  *Christiansburg Garment Co.  v.*

*EEOC,* 434 U.S. 412, 422 (1978).  A claim is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989).

The United States Court of Appeals for the Eleventh Circuit looks to three factors in determining whether a prevailing defendant is entitled to an award of attorneys' fees in a Title VII case: (1) whether the plaintiff established a prima facie case;  (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.  *Sullivan v. School Bd. of Pinellas County,* 773 F.2d 1182, 1189 (11th Cir. 1985).  In cases where the plaintiff produces evidence sufficient to support his or her claims, findings of frivolity typically do not stand.  *Id.*  Determinations of frivolity are to be made on a case-by-case basis.  *Id.*

In *Christiansburg*, the Supreme Court cautioned that:

> [I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.  This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.  No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable.

*Christiansburg,* 434 U.S. 412 at 421-22.

In cases in which the Eleventh Circuit has "sustained findings of frivolity, plaintiffs have typically failed to 'introduce any evidence to support their claims.'"  *Cordoba v. Dillard's, Inc.,* 419 F.3d 1169, 1176 (11th Cir. 2005) (quoting *Sullivan*, 773 F.2d at 1189).  "In determining whether a suit is frivolous, 'a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim

was ultimately successful.'" *Sullivan*, 773 F.2d at 1189 (quoting *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981)).

        1.     *Prevailing Party Status.*

        For a defendant to be awarded attorneys' fees under Title VII, it must first establish that it is a prevailing party.  As noted above, Nakagoshi's complaint was dismissed because he did not timely file an administrative charge.  Doc. No. 25.  As such, this is a dismissal with prejudice, which acts as an adjudication on the merits.  Thus, I find that Mitsukoshi is the prevailing party under Title VII.  *See Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Res.*, 532 U.S. 598, 603-05 (2001).

        2.     *Frivolity.*

        As noted above, in cases in which the Eleventh Circuit has found attorney's fees to be appropriate to a prevailing defendant, generally the plaintiff has presented no evidence in support of his claim.  In the present case, the question of whether Nakagoshi had evidence in support of his claim turns, initially, on whether he submitted evidence and law sufficient, if believed, to establish that the charge of discrimination should have been considered timely filed under the doctrine of equitable tolling.

        Courts in Florida have adopted the concept of equitable tolling "to permit under certain circumstances the filing of a lawsuit that otherwise would be barred by a limitations period." *Machules v. Dep't of Admin.*, 523 So. 2d 1132, 1133 (Fla. 1988); *cf. Watson v. Brevard County Clerk of the Circuit Court*, 937 So. 2d 1264 (Fla. 5th Dist. Ct. App. 2006); *see also Major League Baseball v. Morsani*, 790 So. 2d 1071 (Fla. 2001).  "Generally, the tolling doctrine has been applied when the plaintiff has been misled or lulled into inaction, has in some extraordinary way

-6-

been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum." *Machules*, 523 So. 2d at 1134.

In the present case, Nakagoshi presented evidence in support of his response to the motion to dismiss that, if believed, showed that he discovered evidence after he was terminated that supported his assertion that the stated reason for his termination was contrary to later explanations given as to why he was terminated.  Thus, there is a factual basis to support Nakagoshi's argument that the Court should have considered whether the time for filing his charge of discrimination should have been equitably tolled.

With respect to why Nakagoshi's attorney did not specifically raise the equitable tolling argument in response to the motion to dismiss, counsel cites the Court to the case of *Hopper v. Mitsukoshi USA, Inc.*, Case. No. 6:05-cv-1176-Orl-22DAB.  In *Hopper*, Mitsukoshi filed a motion to dismiss raising the same timeliness arguments as those it presented in the present case.  The presiding district judge in *Hopper* denied the motion to dismiss because "[t]he issues presented are more appropriately addressed by way of summary judgment." *Id.*, doc. no. 21.    While it would have been the better practice to alert the Court to the equitable tolling argument specifically in response to the motion to dismiss, the failure to do so here was not in bad faith in light of the decision in *Hopper* to defer the question pending development of the facts.

Mitsukoshi did not offer to settle the case, and the case was resolved before trial. Nevertheless, because Nakagoshi presented facts to support his equitable tolling argument, the record does not support a finding that his complaint was frivolous, unreasonable, or groundless.

B.    Attorneys' Fees Against Nakagoshi's Attorney.

Mitsukoshi also seeks attorneys' fees against Nakagoshi's attorneys pursuant to 28 U.S.C.

§ 1927.  Section 1927 states, "[a]ny attorney . . . who so multiplies the proceedings in any case

unreasonably and vexatiously may be required by the Court to satisfy personally the excess costs,

expenses, and attorneys' fees reasonably incurred because of such conduct."  "Thus, the statute

sets out a three-prong, conjunctive test: (1) unreasonable and vexatious conduct; (2) such that the

proceedings are multiplied; and (3) a dollar amount of sanctions that bears a financial nexus to the

excess proceedings."  *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 785-86 (11th Cir. 2006).

As an initial matter, § 1927 only applies to "unnecessary filings after the lawsuit has

begun."  *Id.* at 786.  So, in *Macort*, the Eleventh Circuit found that filing a complaint on behalf of

a plaintiff who did not have standing to sue did not warrant sanctions under § 1927.  Similarly,

filing the present complaint despite the untimely filing of the charge of discrimination does not

warrant sanctions under § 1927.

An attorney's negligent conduct also does not support an award of sanctions under § 1927.

*See Amlong & Amlong, P.A. v. Denny's, Inc.*, 457 F.3d 1180, 1193 (11th Cir. 2006).  Rather, "an

attorney's conduct must be particularly egregious to warrant the imposition of sanctions – the

attorney must *knowingly* or *recklessly* pursue a frivolous claim or needlessly obstruct the litigation

of a non-frivolous claim."  *Id.*  As discussed above, counsel for Nakagoshi should have specifically

presented the equitable tolling argument in his response to the motion to dismiss.  However, his

failure to do so was not a knowing or reckless attempt to pursue a frivolous claim based on the

presentation of evidence in support of the equitable tolling argument and his explanation about his

reliance on the decision in *Hopper* that the argument would be better addressed on summary

judgment.  Under these circumstances, an award of sanctions against Nakagoshi's counsel pursuant to § 1927 is not appropriate.

## IV.     RECOMMENDATION.

For the reasons discussed above, I respectfully recommend that the Court **DENY** Defendant's Motion for an Award of Attorney's Fees From Plaintiff and Plaintiff's Attorney, doc. no. 26.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 15, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy